Case 3:21-cv-00302   Document 22   Filed on 02/16/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| JACKIE CUNNINGHAM, Individually and on Behalf of Others Similarly Situated, | § § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00302 |
| HAMILTON-RYKER IT SOLUTIONS, LLC, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Hamilton-Ryker IT Solutions, LLC's Motion to Dismiss ("Motion to Dismiss"). Dkt. 15. After thoroughly reviewing the Complaint, the briefing, and the applicable law, I recommend that the Motion to Dismiss be **DENIED**.

## BACKGROUND

Plaintiff Jackie Cunningham ("Cunningham") alleges that he worked as an hourly employee for Defendant Hamilton-Ryker IT Solutions, LLC ("Hamilton-Ryker") "from approximately March 2016 to October 2019." Dkt. 1 at 3. He claims that although he regularly worked more than 40 hours per week, Hamilton-Ryker did not pay him time and a half for overtime as required by the Fair Labor Standards Act ("FLSA"). He brings suit against Hamilton-Ryker on behalf of himself and other similarly situated workers who were allegedly paid "straight time for overtime" by Hamilton-Ryker in the past three years. *Id.* at 4. As will be discussed below, Cunningham alleges that "Hamilton-Ryker's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA." *Id.* at 5.

This lawsuit is strikingly similar to another collective action filed against Hamilton-Ryker. That case, filed in February 2020 in the United States District Court for the Middle District of Tennessee–Nashville Division, is styled No. 3:20-cv-00141; *Pickens v. Hamilton-Ryker IT Solutions* (the "*Pickens* Lawsuit"). Like the instant matter, the *Pickens* Lawsuit involved an effort to certify an FLSA collective action for "[a]ll Hamilton-Ryker employees who were paid straight time for overtime in the past 3 years." Dkt. 15-6 at 3. Represented by many of the same lawyers who appear in this matter, the parties in the *Pickens* Lawsuit agreed to conditionally certify that case as a collective action. The conditionally certified class in the *Pickens* Lawsuit consists of all individuals employed by Hamilton-Ryker between April 22, 2017 and April 22, 2020, who were classified as "exempt" and were not paid overtime for all hours worked in excess of 40 in any given workweek. *See* Dkt. 15-7 at 2. Cunningham reportedly received notice of the *Pickens* Lawsuit but elected not to join. As of today, the *Pickens* Lawsuit remains pending.

Hamilton-Ryker asks me to dismiss this lawsuit for two independent reasons. First, Hamilton-Ryker argues that Cunningham has failed to state an individual FLSA claim under Federal Rule of Civil Procedure 12(b)(6) because he has not pled sufficient facts to show a willful violation of the statute. Second, even if I determine that Cunningham has sufficiently pled allegations of willfulness, Hamilton-Ryker contends that I should still dismiss Cunningham's collective action claim under the first-to-file rule.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial

plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss for failure to state a claim, I must accept all factual claims in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Harmon v. City of Arlington*, 16 F.4th 1159, 1162 (5th Cir. 2021). Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

## ANALYSIS

### A. THE COMPLAINT SUFFICIENTLY ALLEGES A "WILLFUL" VIOLATION OF THE FLSA

In seeking dismissal of Cunningham's individual FLSA claim under Rule 12(b)(6), Hamilton-Ryker argues that the Complaint fails to allege any facts that give rise to an inference of a willful FLSA violation.

Generally speaking, a plaintiff must file FLSA claims within two years after the cause of action accrues. *See* 29 U.S.C. § 255(a). However, a three-year statute of limitations applies under the FLSA when the conduct of the employer is willful. *See id*. "An employer willfully violates the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

At issue in the instant matter is whether Cunningham has sufficiently pled willfulness to overcome a motion to dismiss. Although the Fifth Circuit has yet to enter the fray, there is a circuit split over the standard courts should utilize to judge a lawsuit's allegations of willfulness under the FLSA. On the one hand, the Ninth

Circuit and the Tenth Circuit have both held that the mere allegation of willfulness is enough to pass muster at the pleading stage. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018) ("[W]illfulness is not relevant to the elements of Plaintiffs' claims but only to the statute-of-limitations defense."); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) (finding general allegation that FLSA violations were "deliberate, intentional, and willful" sufficient to survive a motion to dismiss, because "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity"). In the view of these appellate courts, FLSA plaintiffs need not plead specific facts regarding willfulness because they are only required to allege sufficient factual allegations for the elements of their FLSA claim, not factual allegations relating to a possible statute of limitations defense.

On the other hand, the Second Circuit has held that FLSA plaintiffs are required to plead willfulness with particularity to survive a motion to dismiss. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021) ("FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage."). In so ruling, the Second Circuit found that "willfulness operates as an independent element of claims for *willful* violation of the FLSA—a subset of FLSA claims pursuant to which an employer is subject to heightened liability." *Id.* at 322.

Within the Fifth Circuit, district courts addressing the pleading requirements of willfulness under the FLSA have also split into two camps. One line of cases adopts the view of the Ninth and Tenth Circuits that a general averment of willfulness at the pleading stage is enough. *See Hernandez-Conte v. IWC Holdings of Tex., LLC*, No. SA-20-CV-01118-XR, 2021 WL 168953, at *3 (W.D. Tex. Jan. 19, 2021) ("[P]laintiffs generally are not required to prove willfulness without the benefit of discovery, and ruling on allegations of willfulness at the motion to dismiss stage are disfavored."); *Frazier v. Dall./Fort Worth Int'l Airport Bd.*, No. 3:16-CV-2657-M, 2017 WL 2766087, at *3 (N.D. Tex. June 25, 2017) ("Conclusory allegations of willfulness may survive a 12(b)(6) motion to

dismiss."); *Craven v. Excel Staffing Serv., Inc.*, No. CIV.A. H-12-2860, 2014 WL 345682, at *8 (S.D. Tex. Jan. 30, 2014) ("As for the allegation that Defendants willfully violated the FLSA, that matter contains questions of fact, and at this pleading stage prior to discovery the motion to dismiss it is premature."); *Albanil v. Coast 2 Coast, Inc.*, No. CIV.A. H-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit of discovery.").

The other line of cases follows the Second Circuit's reasoning and holds that "allegations of willfulness under the FLSA are subject to Rule 12(b)(6) motions; and mere allegations that an employer acted willfully without any additional information are inadequate." *Kharb v. Ericsson, Inc.*, No. 4:17-CV-619, 2019 WL 1198399, at *4 (E.D. Tex. Mar. 14, 2019). *See also Villegas-Rivas v. Odebrecht Constr., Inc.*, No. 4:18-CV-1181, 2018 WL 4921922, at *4 (S.D. Tex. Oct. 10, 2018) (same); *Irvin v. Masters Advanced Remediation Servs., Inc.*, No. H-16-2488, 2016 WL 7406750, at *3 (S.D. Tex. Dec. 22, 2016) (holding that a plaintiff must "adequately plead a willful FLSA violation to survive the motion to dismiss").

In my opinion, it makes no difference which pleading standard I adopt in this case. If I conclude that cursory allegations of willfulness in the operative pleading are all that is necessary, Cunningham easily passes that test. And if I determine that Cunningham must plausibly allege a willful violation of the FLSA to overcome a Rule 12(b)(6) motion to dismiss, I believe he has done that as well.

As far as Cunningham's willfulness allegations are concerned, the Complaint states as follows:

- "Cunningham would regularly work more than 40 hours in a week." Dkt. 1 at 3.

- "In fact, Cunningham routinely worked 60 or more hours a week." *Id.*

- "Hamilton-Ryker was aware of the overtime requirements of the FLSA." *Id.* at 4.

5

- "Hamilton-Ryker nonetheless failed to pay certain hourly employees, such as Cunningham, overtime." *Id.*

- "Hamilton-Ryker knew, or acted with reckless disregard for whether, Cunningham and the Straight Time Workers were paid in accordance with the FLSA." *Id.* at 5.

- "Hamilton-Ryker's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA." *Id.*

At the motion to dismiss stage, I find that these allegations, although not particularly detailed, are sufficient to support a willfulness claim. As noted, an employer willfully violates the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133. The burden on a plaintiff at the pleading stage is to plead facts supporting an inference of willfulness. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). While it is certainly true that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, I do not believe that is what we have here. Cunningham specifically alleges that he regularly worked more than 40 hours a week but was not paid for overtime even though Hamilton-Ryker was aware of its responsibilities under the FLSA. From my vantage point, these allegations state enough facts to nudge Cunningham's willfulness claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Other courts have also denied motions to dismiss FLSA claims based on similar allegations of willfulness. *See Heilman v. COSCO Shipping Logistics (N. Am.) Inc.*, No. CV H-19-1695, 2020 WL 1452887, at *2 (S.D. Tex. Jan. 22, 2020) (finding allegations that "Defendant was aware that [the plaintiff] was performing such compensable work . . . [and] Defendant failed and refused to compensate [the plaintiff]" sufficient to survive a motion to dismiss)*; Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016) (finding

allegations that "Defendant acted willfully and intentionally because Defendant knew of the FLSA's minimum wage and overtime requirements, yet 'recklessly failed to investigate' whether its payroll practices were in accordance with the FLSA" sufficient to survive a motion to dismiss).

I thus recommend that Hamilton-Ryker's Motion to Dismiss be denied with respect to its contention that Cunningham has failed to sufficiently state a willful FLSA claim under Rule 12(b)(6).

## B. THE FIRST-TO-FILE RULE DOES NOT REQUIRE DISMISSAL OF THIS LAWSUIT

Having determined that Cunningham has sufficiently pled a willful FLSA violation, I now address Hamilton-Ryker's contention that I should dismiss this lawsuit under the first-to-file rule.

The first-to-file rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The purpose of the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir. 1985). The first-to-file rule is a discretionary doctrine, the application of which is reviewed for abuse of discretion. *See Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677 (5th Cir. 2011).

Before continuing further, I must fully describe the scope of this action and the related *Pickens* Lawsuit. The *Pickens* Lawsuit consists of all Hamilton-Ryker hourly employees who worked for the company at any time from April 22, 2017 to April 22, 2020 and were not paid at the rate of one and one-half times their hourly rate for overtime hours worked. Meanwhile, the present lawsuit is brought as a collective action on behalf of those Hamilton-Ryker hourly employees who worked for the company within the past three years and were not paid the proper overtime

7

rate. As a general rule, district courts within the Fifth Circuit "routinely approve a three-year lookback from the date of the order certifying the class or the date the notices are sent to the putative class." *English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-CV-00323-ADA, 2019 WL 5191832, at *2 (W.D. Tex. Oct. 15, 2019) (collecting cases). Because no such order certifying a class has been entered in this case and notice has not been issued, it is hard, at this time, to determine the exact time period the present collective action will cover in the event the Court certifies a class and issues notice. Nonetheless, there is no doubt that such a collective action would overlap with the *Pickens* Lawsuit for any employees who worked for Hamilton-Ryker prior to April 22, 2020. Similarly, it is possible that the instant collective action, if certified, would, unlike the *Pickens* Lawsuit, apply to Hamilton-Ryker employees who worked for the company after April 22, 2020. In both the briefing on the Motion to Dismiss and at oral argument, Cunningham emphasized that the present collective action is intended to specifically exclude those individuals who have opted-in the *Pickens* Lawsuit.

In the first part of this opinion, I determined that Cunningham has properly pled an FLSA claim. That means that this case will proceed. What is not clear at this moment is whether the case will be an individual action or a collective action. Time will tell. No matter what, Cunningham had the absolute right not to join the *Pickens* Lawsuit and, instead, pursue his own FLSA claims in federal court. The Southern District of Texas is the appropriate venue for such an action since Cunningham worked for Hamilton-Ryker in this District. Given that Cunningham is fully entitled to seek relief separate and apart from those who have joined the *Pickens* Lawsuit, I am reluctant to dismiss this action in its entirety under the first-to-file rule.

Hamilton-Ryker's real beef, it seems to me, is that Cunningham should not be allowed to bring a collective action on behalf of those individuals who received notice of the *Pickens* Lawsuit and, nonetheless, elected not to join the *Pickens* Lawsuit (that is, those individuals whom Hamilton-Ryker employed prior to April

8

22, 2020 but chose not to opt-in the *Pickens* Lawsuit). Allowing two collective actions based on the same claims to proceed simultaneously, Hamilton-Ryker posits, would result in unnecessary duplication of effort, the possibility of inconsistent rulings by multiple courts, and a waste of judicial resources. At oral argument, Cunningham's counsel unabashedly took the position that multiple FLSA collective actions covering the same time period should be encouraged because repeat notice increases the likelihood that putative class members will decide to join an FLSA action, furthering the remedial purpose of the statute.

At this juncture in the case, there is no motion before me asking that I issue notice to potential class members. As such, I need not currently decide whether a sufficient showing has been made to authorize notice to the putative class. At the appropriate time, I am confident that the propriety of notice to class members will be addressed by both sides, who, I note, are ably represented by highly respected counsel. When that happens, I will be able to determine the proper contours, if any, of the class of Hamilton-Ryker employees who should be notified.

All that said, I do think it is helpful to the parties if I provide my initial thoughts on the notice issue. Although I am certainly willing to entertain further argument, I am generally reluctant to authorize repeat notice to those individuals who have already received notice of potential claims arising for the time period prior to April 22, 2020. The purpose of the FLSA's notice procedure is to provide "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity" and to "avoid[ ] a multiplicity of duplicative suits." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 172 (1989). Issuing repeat notice to potential class members defeats this noble objective. Moreover, assuming notice was sufficient in the *Pickens* Lawsuit, my gut feel is that "there is no reason to infer that a potential opt-in plaintiff will be spurred to action by a second notice, but not the first." *Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *6 (S.D.N.Y. Aug. 24, 2017). I fully recognize that these comments are nothing more than an advisory opinion,

9

but I nonetheless thought these remarks would assist counsel in framing arguments when it comes time to determine to whom, if anyone, notice should be issued.

## CONCLUSION

For the reasons identified above, I recommend that the Motion to Dismiss (Dkt. 15) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 16th day of February 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE