United States District Court
Southern District of Texas
**ENTERED**
April 10, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| JACKIE CUNNINGHAM, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:21-cv-00302 |
| | § | |
| HAMILTON-RYKER IT SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Defendant Hamilton-Ryker IT Solutions, LLC ("HR-IT") moves to stay this case pending resolution of a Fifth Circuit appeal filed in a related case with nearly identical factual and legal issues. *See* Dkt. 34.

## BACKGROUND

Plaintiff Jackie Cunningham ("Cunningham") is a former HR-IT employee who worked as a Piping Inspector. He filed this collective action lawsuit alleging that HR-IT violated the Fair Labor Standards Act ("FLSA") by failing to pay him and other employees overtime at 1.5 times their regular rate of pay for all hours worked over 40 hours per workweek. HR-IT maintains that it did nothing wrong, arguing that Cunningham was "paid a guaranteed salary plus additional compensation on an hourly basis and, therefore, satisfied the requirements of the FLSA's highly compensated employee exemption." *Id*. at 2.

This case is similar to another case this Court recently handled—*Gentry v. Hamilton-Ryker IT Solutions, LLC*, No. 3:19-cv-00320 (S.D. Tex.). *Gentry* involved two former HR-IT employees seeking overtime compensation under the FLSA. After the parties completed discovery, HR-IT moved for summary judgment, arguing that the plaintiffs were exempt from the FLSA's overtime requirement pursuant to the highly compensated and learned professional exemptions. The *Gentry* plaintiffs also moved for summary judgment on their

claim to overtime pay. I recommended that the *Gentry* plaintiffs prevail on their FLSA claims, and that recommendation was adopted.

The *Gentry* case is currently on appeal to the Fifth Circuit.

## DISCUSSION

A district court possesses "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether a stay is appropriate pending the resolution of a related case on appeal, I must consider "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

HR-IT notes that the Fifth Circuit will decide in the *Gentry* case "whether the same alleged pay practice of HR-IT at issue in this lawsuit satisfied the requirements of the FLSA's highly compensated employee exemption." Dkt. 34 at 4. As a result, HR-IT contends that "the Fifth Circuit's resolution of *Gentry* is central to this case and will likely provide this Court with substantial, if not dispositive, guidance on how to resolve the primary issue in this case." *Id.* In opposing a stay of the instant matter, Cunningham expressly agrees with HR-IT that the Fifth Circuit's decision in *Gentry* will resolve this case. *See* Dkt. 35 at 3. Nonetheless, Cunningham says, there is no reason to stay this litigation because the result in *Gentry* is a foregone conclusion given the Supreme Court's recent decision in *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677 (2023). In Cunningham's view, HR-IT "has no chance to succeed on the merits of its appeal in *Gentry*." Dkt. 35 at 4.

Cunningham might be right. The Fifth Circuit might slam the door shut on HR-IT. Because I am the judge who originally recommended that summary judgment be granted in Gentry's favor, I certainly believe that it is the correct outcome. But our system of justice allows parties to appeal decisions of the district court in an orderly process, and I am not going to prejudge what the Fifth Circuit will do. All of us will watch the *Gentry* case with great interest as its impact on this case is obvious. At the same time, it makes little sense to me to require the parties to move forward with this case and the attendant expenses and burdens associated with discovery, potential notice to class members, and dispositive motions when the Fifth Circuit will soon issue a ruling that will conclusively establish whether Cunningham or HR-IT should prevail in this matter.

Cunningham argues that a stay would be prejudicial for several reasons. First, he contends that a stay will unnecessarily delay the resolution of this matter. Although a stay will unquestionably delay a final resolution in this case, I do not expect the delay to be lengthy, especially given that briefing in *Gentry* is already underway at the Fifth Circuit. Moreover, I do not believe that a short delay will prejudice Cunningham. To the contrary, "[t]he final outcome of [*Gentry*] will likely streamline issues for dispositive motions . . . in this case." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015). Next, Cunningham contends that "fewer employees will likely join" this action "[i]f several more months go by before notice is issued to potential class members." Dkt. 35 at 5. Cunningham offers no factual support for this assertion, and it seems to me pure speculation that fewer putative class members would join this action if notice does not go out until after the Fifth Circuit decides *Gentry*. It seems equally likely that in the event that Gentry prevails on appeal, more class members would be willing to join the collective action because there will be no obstacle to recovery. Of course, this all assumes that notice to potential class members is appropriate, which has yet to be decided and will undoubtedly be hotly contested. I also find it curious that Cunningham now maintains that any delay in issuing notice is harmful when he

3

never even bothered to file a motion in this matter requesting court-ordered notice. In my mind, the fact that HR-IT has expressly agreed to equitably toll the limitations period during the requested stay militates against Cunningham suffering any prejudice. *See Keen v. Limousine*, No. 2:16-cv-01903, 2016 WL 6828199, at *3 (D. Nev. Nov. 18, 2016) ("[E]quitably tolling the statute of limitations will eliminate any prejudice suffered by potential plaintiffs and preserve their claims that will otherwise be lost as a result of the stay.").

All told, the interests of the parties, the risk of inconsistent results, and the conservation of judicial resources all strongly weigh in favor of granting a stay until the conclusion of the *Gentry* appeal.

## CONCLUSION

HR-IT's Opposed Motion to Stay (Dkt. 34) is **GRANTED**. This case is stayed and administratively closed. The parties are ordered to request the stay in this case be lifted once the Fifth Circuit issues its mandate in *Gentry*.

SIGNED this 10th day of April 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE