United States District Court
Southern District of Texas
**ENTERED**
May 28, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JACKIE CUNNINGHAM, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:21-cv-00302 |
| | § | |
| HAMILTON-RYKER IT | § | |
| SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Defendant Hamilton-Ryker IT Solutions, LLC ("HRIT") has filed a Motion for Summary Judgment. *See* Dkt. 49. In connection with that motion, HRIT and Plaintiff Jackie Cunningham have jointly requested to increase the page limits on the summary judgment briefing. *See* Dkt. 56. Cunningham asks that he be permitted to file a 35-page response brief, and HRIT seeks an additional five pages for its reply.

The United States Supreme Court has long recognized that a district court possesses the inherent power to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). To that end, Rule 7(A) of my local procedures limits any motion, brief, or memorandum to 25 pages.

I firmly believe that giving each party 25 pages in which to persuade me is quite generous. If there is one thing I have learned in my 30+ year legal career, it is that legal briefs do not need to be lengthy to be effective. In fact, some of the best submissions I have read are short and sweet. The purpose of my page-limit rule is to encourage counsel to focus on the material issues in a case. It is my firm desire for counsel to frame the issues narrowly so I do not have to "shovel through steaming mounds of pleonastic arguments in a Herculean effort to uncover a hidden gem of logic." *Blackboard, Inc. v. Desire2Learn, Inc.*, 521 F. Supp. 2d 575,

576 (E.D. Tex. 2007). It is a rare case in which a summary judgment response should exceed the length of the Magna Carta, which occupies about 30 pages in modern editions, with the Latin text on one side and an English translation on the other. *See Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum*, 233 F.R.D. 492, 493 (E.D. Tex. 2005) ("The order to General Eisenhower to invade the entire continent of Europe consisted of a single paragraph. It would be unusual if the grounds for a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or (2) could not be set out in thirty pages.").

In this case, HRIT's Motion for Summary Judgment is 25-pages long. It does not raise any novel legal issues that, in my view, require a 35-page response. Although I am not suggesting that counsel in this case would inundate me with a smorgasbord of irrelevant issues, I see no need to start on the slippery slope towards permitting more and more pages. A legal brief should provide a concise discussion of a party's legal and factual positions. Allowing a 35-page submission turns the term "legal brief" into an oxymoron. I am determined not to do that. Accordingly, the Joint Motion to Increase MSJ Briefing Page Limits (Dkt. 56) is respectfully denied.

SIGNED this 28th day of May 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE